# IN THE COURT OF APPEALS OF IOWA

No. 19-1506
Filed August 4, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RANDY ALLEN CRAWFORD,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

The defendant raises a claim of ineffective assistance on direct appeal. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Randy Crawford was convicted of possession of a controlled substance (heroin), failure to affix a drug tax stamp, and two counts of interference with official acts resulting in bodily injury. Judgment was entered against him in September 2019. On appeal, Crawford claims he received ineffective assistance from trial counsel because counsel failed to challenge the sufficiency of the evidence to support the charge for failing to affix a drug tax stamp. But Iowa Code section 814.7 (Supp. 2019) prevents us from deciding claims of ineffective assistance on direct appeal from the criminal proceedings.[1] And this statute applies to Crawford's case. *See State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021) ("The new legislation applies to this appeal because judgment and sentence was entered after the effective date of the bill.").

Recognizing the impediment created by the amended statute, Crawford argues section 814.7 is unconstitutional, challenging the statute in a number of ways. First, he challenges the statute for violating the separation-of-powers doctrine. *See id.* at 148 ("'The division of the powers of government into three different departments—legislative, executive, and judicial—lies at the very foundation of our constitutional system.' The 'historic concept of separation of powers to safeguard against tyranny' is memorialized in the Iowa Constitution.'"

---

[1] The statute, which took effect July 1, 2019, provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and *the claim shall not be decided on direct appeal from the criminal proceedings.*

Iowa Code § 814.7 (emphasis added).

(citation omitted)); *see also* Iowa Const. art. III, § 1.  But our supreme court has already determined "section 814.7 does not violate the separation-of-powers doctrine," so this challenge fails.  *Tucker,* 959 N.W.2d at 151.

Next, Crawford asserts section 814.7 is unconstitutional because it violates his right to equal protection under the law.  *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6.  "The first step in our equal protection analysis is to determine whether the challenged law makes a distinction between similarly situated individuals with respect to the purposes of the law."  *State v.Treptow*, 960 N.W.2d 98, 104 (Iowa 2021).  Crawford claims the law distinguishes between those defendants who have been convicted based upon insufficient evidence who were properly represented and those who were improperly represented.  But again, our supreme court has already considered this argument.  *See id.* at 105-06.  It concluded "those asserting claims other than a claim of ineffective assistance of counsel are not similarly situated to those asserting claims of ineffective assistance of counsel."  *Id.* at 106.  "A claim of ineffective assistance of counsel is more than an error preservation device; it is a substantive legal claim with its own elements."  *Id.*  And "[i]t is not unconstitutional or even unreasonable to treat as similarly situated only those parties whose cases are 'factually and legally similar' and 'share similar procedural histories.'"  *Id.* (citation omitted).  Because Crawford's argument is not based on "similarly situated individuals," his equal protection argument fails.  *See State v. Dudley,* 766 N.W.2d 606, 616 (Iowa 2009) ("If a plaintiff cannot show preliminarily that persons in the two classes are similarly situated, we have concluded the court need not determine whether there is a constitutionally adequate basis for the persons' different treatment.").

Crawford also argues section 814.7 violates his right to due process. But "[t]here is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Treptow*, 960 N.W.2d at 108. "Due process merely requires an opportunity to present those claims in some forum." *Id.*

Finally, if we cannot consider his claim under the framework of ineffective assistance, Crawford asks us to adopt plain error review. Appellants have repeatedly asked the court to adopt the doctrine and heretofore, as recently as a couple months ago, our supreme court has declined. *Id.* at 109 ("[The appellant] argues[] this court should adopt plain error review. We are disinclined to do so. We have repeatedly rejected plain error review and will not adopt it now."). And we are not at liberty to overturn supreme court precedent. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa 1990).

Because section 814.7 prevents us from deciding Crawford's claim of ineffective assistance on direct appeal and he has not proved section 814.7 is unconstitutional, we affirm.

**AFFIRMED.**